1  PACIFIC COAST LAW GROUP
   MARK A. GOLOVACH (Cal. Bar No. 220760)
2  555 West 5th Street, 31st Floor
   Los Angeles, California 90013
3  Telephone: 310/684-3966
   Facsimile: 310/460-0078
4
   TRAVIS, CALHOUN & CONLON, P.C.
5  ERIC G. CALHOUN
   1000 Providence Towers East
6  5001 Spring Valley Road
   Dallas, Texas 75244
7  Telephone: 972/934-4100
   Facsimile: 972/934-4101
8
   *Attorneys for Plaintiff*
9  *JOSHUA SANDOVAL*

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14
   JOSHUA SANDOVAL, Individually and on  )   Civil Action No.: CV11- 05665 R(P2x)
15 Behalf of All Others Similarly Situated,  )
                                          )
16              Plaintiff,                 )   **CLASS ACTION COMPLAINT**
                                          )
17     vs.                                 )   **JURY TRIAL DEMANDED**
                                          )
18 AUTOMATED SYSTEMS AMERICA, INC., )
   and DOES 1-10, inclusive,              )
19                                         )
                Defendants.                )   FILED BY FAX
20                                         )
                                          )
21                                         )

22

23

24

25

26

27

28

─────────────────────────────────────
                CLASS ACTION COMPLAINT

1   Plaintiff JOSHUA SANDOVAL, individually, and on behalf of all others similarly situated
2   ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based,
3   in part, on the investigation of counsel, as follows:

4   ## I.   PRELIMINARY STATEMENT

5   1.   Plaintiff brings this action, individually and on behalf of all others similarly situated,
6   against Defendants (as defined in ¶ 12, *infra*) alleging violations of 15 U.S.C. § 1693 *et seq.*,
7   commonly known as the Electronic Fund Transfer Act (the "Act"), and 12 C.F.R. § 205 *et seq.*,
8   commonly known as Regulation E ("Regulation E"), which contains regulations promulgated by the
9   Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E
10  shall hereinafter be collectively referred to as the "EFTA"). Plaintiff also asserts claims against
11  Defendants for violations of the California Unfair Business Practices Act, Business and Professions
12  Code §§ 17200, *et seq.* (the "UCL").

13  2.   The EFTA establishes the basic rights, liabilities, and responsibilities of consumers
14  who use electronic fund transfer services and of financial institutions that offer these services. The
15  primary objective of the EFTA and Regulation E is the protection of consumers engaging in
16  electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by
17  operators of any automated teller machine ("ATM") to users of an ATM, prior to the imposition of a
18  fee for using an ATM. 15 U.S.C. § 1693b.

19  3.   The Congressional findings and declaration of purpose regarding the EFTA provides:

20  (a)   Rights and liabilities undefined

21  The Congress finds that the use of electronic systems to transfer funds provides the
22  potential for substantial benefits to consumers.   However, due to unique
    characteristics of such systems, the application of existing consumer protection
23  legislation is unclear, leaving the rights and liabilities of consumers, financial
    institutions and intermediaries in electronic fund transfers undefined.

24  (b)   Purposes

25  It is the purpose of this subchapter to provide a basic framework establishing the
    rights, liabilities, and responsibilities of participants in electronic fund transfer
26  systems.   The primary objective of this subchapter, however, is the provision of
    individual consumer rights

27

28

CLASS ACTION COMPLAINT

1    4.    The EFTA specifically requires that an ATM **_must_** have a posted notice attached on

2    or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. §

3    1693b(d)(3).

4    5.    This case is brought under the EFTA based upon the fact that Defendants have

5    imposed ATM fees on Plaintiff and other consumers without providing any posted notice as required

6    by the EFTA.

7    6.    Plaintiff, on behalf of himself and all others similarly situated, brings this class action

8    against Defendants based on Defendants' violation of the EFTA.  Plaintiff seeks, on behalf of

9    himself and the proposed class, statutory damages, costs and attorney's fees, all of which are

10   expressly made available by statute.  15 U.S.C. § 1693m.  Plaintiff does not seek actual damages.

11                           **II.    JURISDICTION**

12   7.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

13   and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15

14   U.S.C. § 1693 *et seq.*

15   8.    Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the

16   judicial district in which a substantial part of the events or omissions giving rise to the claims

17   occurred.

18                           **III.    PARTIES**

19   9.    Plaintiff is a natural person who resides in San Diego County, California and used a

20   certain ATM owned and operated by Defendants (as defined in ¶ 12, *infra*), which ATM is located at

21   or about Norm's 76 Service, 7979 West Sunset Boulevard, Los Angeles, California 90046 (the

22   "Norm's 76 ATM"), within one year of the filing of this Complaint, and was charged an ATM

23   surcharge fee by Defendants at the Norm's 76 ATM described in this Complaint.

24   10.    Defendant AUTOMATED SYSTEMS AMERICA, INC. ("ASAI") is a Nevada

25   corporation authorized and doing business in California, with its principal place of business located

26   at 2600 Foothill Blvd., Suite 202, Glendale, California 91214.  ASAI owns and/or operates the

27   11.    The true names and capacities of defendants sued herein as Does 1 through 10,

28   inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious

CLASS ACTION COMPLAINT

1  names.  Plaintiff will seek to amend this Complaint pursuant to Federal Rule of Civil Procedure 15

2  and include the Doe defendants' true names and capacities when they are ascertained.  Each of the

3  fictitiously named defendants is responsible in some manner for the conduct alleged herein and for

4  the injuries suffered by Plaintiff and the proposed class as a result of defendants' wanton and illegal

5  conduct.

6       12.    ASAI, and Does 1 through 10, inclusive, are collectively hereinafter referred to as

7  "Defendants."

8  **IV.    BACKGROUND**

9  **A.    Electronic Funds Transfer Act**

10       13.    "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated

11  through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order,

12  instruct, or authorize a financial institution to debit or credit an account. Such term includes . . .

13  automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

14       14.    Defendants are an "automated teller machine operator" as that term is defined by 12

15  C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that

16  operates an automated teller machine at which a consumer initiates an electronic fund transfer or a

17  balance inquiry and that does not hold the account to or from which the transfer is made, or about

18  which an inquiry is made."

19       15.    15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. §

20  205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer

21  services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the

22  fee before the consumer is committed to the transaction.  Specifically, 12 C.F.R. § 205.16(b) states:

23      *General.* An automated teller machine operator that imposes a fee on
24      a consumer for initiating an electronic fund transfer or a balance inquiry shall:

25      (1)    Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
26

27      (2)    Disclose the amount of the fee.

28

- 3 -

CLASS ACTION COMPLAINT

1       16.    15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c),

2 specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

3          (c)    *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the

4          following:

5                (1)    *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

6

7                      (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

8                      (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this

9                      paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under

10                      which a fee will not be imposed for such services; and

11                (2)    *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the

12                screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

13

14       17.    Pursuant to this regulation, the notice physically attached to the ATM must comply

15 with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances

16 in which a fee will not be imposed, that a fee may be imposed.

17       18.    15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e),

18 provide that no fee may be imposed by an ATM operating in connection with any electronic fund

19 transfer initiated by a consumer for which a notice is required ***unless*** the consumer is provided the

20 notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states

21 in relevant part:

22          **(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated

23          teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under

24          subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to

25          continue in the manner necessary to effect the transaction after receiving such notice.

26

27 Similarly, 12 C.F.R. § 205.16(e) provides that:

28

CLASS ACTION COMPLAINT

(e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

19.     In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

The final rule clarifies the **two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee....

71 F.R. 1638, 1656 (emphasis added).

20.     Thus, the statute and regulation require that a physical notice ***must*** be displayed informing consumers that the ATM imposes a surcharge, and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

21.     The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction. *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

22.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendants.

CLASS ACTION COMPLAINT

**B.     Defendants' Conduct**

23.     Defendants are ATM operators regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

24.     Defendants are operators of the Norm's 76 ATM located at or about 7979 West Sunset Blvd., Los Angeles, California 90046.

25.     Defendants are owners of the Norm's 76 ATM located at or about 7979 West Sunset Blvd., Los Angeles, California 90046.

26.     The Norm's 76 ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

27.     The Norm's 76 ATM imposes a fee on consumers who withdraw cash from the Norm's 76 ATM.

28.     Defendants failed to post on or at the Norm's 76 ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendants' improper imposition of a fee to Plaintiff and other users of the Norm's 76 ATM.

29.     Defendants' failure to post the required notice on or at the Norm's 76 ATM has resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

30.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendants have violated the EFTA by failing to post the required ATM fee notice at the Norm's 76 ATM and improperly imposing ATM fees.

31.     Defendants' non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee on Plaintiff and the members of the proposed class, did not result from a bona fide error.

**C.     Plaintiff's Electronic Funds Transfers With Defendants**

32.     Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

33.     Within one year of the filing of this Complaint, Plaintiff used the Norm's 76 ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

CLASS ACTION COMPLAINT

34.     The Norm's 76 ATM did not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16, as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the Norm's 76 ATM will or may result in an ATM surcharge.

35.     Plaintiff was in fact assessed a $2.50 ATM surcharge fee for withdrawing cash from the Norm's 76 ATM described in this Complaint.

## V.     CLASS ALLEGATIONS

36.     Plaintiff brings this class action on behalf of himself and all other similarly situated persons pursuant to Rule 23(a), (b)(1), (b)(3) of the Federal Rules of Civil Procedure.   Plaintiff hereinafter sets forth facts and allegations more specifically in support of his class action allegations.

37.     With regard to the EFTA claim, Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Norm's 76 ATM described in ¶ 9, *supra*, and (c) were assessed a fee for withdrawing cash from the Norm's 76  ATM described in ¶ 9, *supra*, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until Defendants are compliant with the EFTA by posting the appropriate notice (the "EFTA Class").

38.     With regard to the UCL claim, Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Norm's 76 ATM described in ¶ 9, *supra*, and (c) were assessed a fee for withdrawing cash from the Norm's 76 ATM described in ¶ 9, *supra*, (d) on or after the date four years prior to the filing of this action and continuing through the trial of this cause or until Defendants are compliant with the EFTA by posting the appropriate notice (the "UCL Class") (both the EFTA Class and the UCL Class are collectively referred to as the "Class").

39.     Congress expressly intended that the EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

40.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

41.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records. Defendants have exclusive control of this information.

42.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by this Court.

43.     Defendants can generate data for its Norm's 76 ATM identifying each transaction in which a fee was charged. The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer. The PAN includes a bank identification number ("BIN"). This information can be used to identify members of the Class.

44.     The Class is sufficiently numerous to make bringing all parties before the Court impractical pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure.

45.     Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

46.     Plaintiff and members of the EFTA Class were each users of the Norm's 76 ATM since the date one year prior to the filing of this action.

47.     Plaintiff and members of the UCL Class were each users of the Norm's 76 ATM since the date four years prior to the filing of this action.

48.     Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendants' failure to comply with the ATM fee notice requirements of the EFTA, thereby resulting in common questions of law and fact pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure.

49.     Plaintiff and each member of the Class received an inadequate notice regarding the imposition of an ATM fee by the Norm's 76 ATM.

50.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a)     Whether Defendants were at all relevant times during the class period automated teller machine operators which imposed a fee on consumers for providing host transfer services to those consumers;

CLASS ACTION COMPLAINT

1   (b)     Whether Defendants are the operators of the Norm's 76 ATM;

2   (c)     Whether Defendants complied, at all times during the class period, with the notice

3   requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

4   (d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs

5   and attorney's fees for Defendants' acts and conduct.

6   51.     Plaintiff can and will adequately and vigorously represent and protect the interests of

7   the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class.

8   Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation as

9   set forth in Rule 23(a)(4) of the Federal Rules of Civil Procedure.

10  52.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the

11  Class.

12  53.     In support of Plaintiff's allegations pursuant to Rule 23(b)(3) of the Federal Rules of

13  Civil Procedure, the Plaintiff avers that a class action is superior to other available means for the fair

14  and efficient adjudication of the claims of the Class.  While the aggregate damages that may be

15  awarded to the members of the Class are likely to be substantial, the damages suffered by the

16  individual members of the Class are relatively small.  As a result, the expense and burden of

17  individual litigation makes it economically infeasible and procedurally impracticable for each

18  member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not

19  know of any other litigation concerning this controversy already commenced by or against any

20  member of the Class.  The likelihood of the individual members of the Class prosecuting separate

21  claims is remote.   Pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure

22  individualized litigation would also present the potential for varying, inconsistent, or contradictory

23  judgments, and would increase the delay and expense to all parties and the court system resulting

24  from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class

25  action presents fewer management difficulties, conserves the resources of the parties and the court

26  system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to

27  be encountered in the management of this action that would preclude its maintenance as a class

28  action.

1
## VI.   CLAIMS

2
### FIRST CLAIM FOR RELIEF
**Against All Defendants for**
3
**Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

4       54.     Plaintiff incorporates by reference and realleges each and every allegation contained

5   above, as though fully set forth herein.

6       55.     Plaintiff asserts this claim on behalf of himself and the Class against Defendants.

7       56.     Defendants failed to provide notices to the Plaintiff and the Class as required by 15

8   U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. §

9   1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

10      57.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e),

11  prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice

12  of the fee is posted in a prominent and conspicuous location on or at the ATM.

13      58.     Defendants imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C),

14  and its implementing regulation, 12 C.F.R. § 205.16(e).

15      59.     As a result of Defendants' violations of the EFTA, Defendants are liable to Plaintiff

16  and the Class for statutory damages pursuant to 15 U.S.C. § 1693m.

17      60.     As a result of Defendants' violations of the EFTA, Plaintiff and the members of the

18  Class are entitled to recover costs of suit and their reasonable attorney's fees.

19
### SECOND CLAIM FOR RELIEF
**Against All Defendants for**
20
**Violation of California Bus. & Prof. Code § 17200**

21      61.     Plaintiff incorporates by reference and realleges each and every allegation contained

22  above, as though fully set forth herein.

23      62.     The California Unfair Business Practices Act defines unfair competition to include

24  any "unfair," "unlawful," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

25  The UCL provides that a Court may order injunctive relief and restitution to affected members of the

26  general public for violations. *Id.* § 17203.

27

28

- 10 -

63.     Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful, unfair, and/or fraudulent business acts and practices.  If Defendants had complied with EFTA, Plaintiff would not have suffered injury in fact and would not have lost money.

64.     This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public pursuant to California Business & Professions Code §§ 17200, *et seq.* Under Business & Professions Code §§ 17200, *et seq.*  Plaintiff is entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

65.     Defendants' actions were knowingly committed and performed with such frequency as to constitute a general business practice.

66.     As a direct and proximate result of Defendants' wrongful acts and practices alleged above, members of the Class and the general public have been wrongfully charged by Defendants. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

67.     Defendants' unlawful, unfair, and/or fraudulent business acts and practices, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants are continuing, and will continue, unless enjoined, to commit violations of California Business & Professions Code § 17200.  This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.     An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.     A declaration that Defendants' conduct constitutes a violation of California's Business & Professions Code § 17200;

1      D.     An injunction enjoining, preliminarily and permanently, Defendants from continuing

2 the wrongful conduct alleged herein;

3      E.     Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

4      F.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

5      G.     For other and further relief as the Court may deem proper.

6                 **JURY TRIAL DEMANDED**

7     Plaintiff hereby demands a trial by jury.

8 DATED:  July 8, 2011                   /s/ Mark A. Golovach

9                            MARK A. GOLOVACH

10

11                          PACIFIC COAST LAW GROUP
                         555 West 5th Street, 31st Floor

12                          Los Angeles, California 90013
                         Telephone: 310/684-3966

13                          Facsimile: 310/460-0078

14                          TRAVIS, CALHOUN & CONLON, P.C.
                         ERIC G. CALHOUN

15                          1000 Providence Towers East
                         5001 Spring Valley Road

16                          Dallas, Texas 75244
                         Telephone: 972/934-4100

17                          Facsimile: 972/934-4101

18                          *Attorneys for Plaintiff*
                         *JOSHUA SANDOVAL*

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV11- 5665 R (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

PACIFIC COAST LAW GROUP
Mark A. Golovach (Cal. Bar No. 220760)
555 West 5th Street, 31st Floor
Los Angeles, California 90013
Tel: (310) 684-3966

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joshua Sandoval, Individually and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Automated Systems America, Inc., and Does 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br>CV11-05665 R (RZx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Mark A. Golovach__ _____, whose address is __Pacific Coast Law Group, 555 West 5th Street, 31st Floor, Los Angeles, CA 90013__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FILED BY FAX

**JUL 1 1 2011**

Clerk, U.S. District Court

**JULIE PRADO**   SEAL

Dated: _____

By: _____
             Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Joshua Sandoval, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**
Automated Systems America, Inc., and Does 1-10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
PACIFIC COAST LAW GROUP, Mark A. Golovach, 555 West 5th Street, 31st Floor, Los Angeles, California 90013, (310) 684-3966

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1693, et seq.; 12 C.R.F. section 205, et seq.   Defendants' violation of the Electronic Fund Transfer Act and Regulation E

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number _____ CV11-05665

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s) _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events, or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact, or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges, or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Mark A. Holscel_   Date   7/8/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |